NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILLIP MARTINEZ, | No. 17-56818 |
| Petitioner-Appellant, | D.C. No. 2:16-cv-00360-TJH |
| v. | |
| STEVE LANGFORD and CHAIRMAN UNITED STATES PAROLE COMMISSION, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted October 22, 2018**

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

Phillip Martinez appeals pro se from the district court's judgment denying

his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and petition

for a writ of mandamus pursuant to 28 U.S.C. § 1361. We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291.  We review de novo.  *See In re Orange, S.A.*, 818 F.3d 956, 961 (9th Cir. 2016) (writ of mandamus); *Benny v. United States Parole Comm'n*, 295 F.3d 977, 981 (9th Cir. 2002) (section 2241 petition).  We affirm.

Martinez contends that, because his original offense occurred in 1975, the pre-1975 parole statutes apply to his case.  He maintains those statutes would have required the Commission to state reasons for imposing parole conditions.  He further argues that the Parole Commission and Reorganization Act ("Parole Act"), Savings Clause, and Time Extension Acts cannot be retroactively applied to him, and that their application violates the Ex Post Facto clause.  Martinez's arguments are unpersuasive.  The cases that he cites analyzed inapplicable sections of the relevant statutes and in no way undermine the Commission's authority over his parole.  To the contrary, this court has applied 18 U.S.C. § 4211 of the Parole Act to individuals who, like Martinez, committed an offense before November 1, 1987.  *See Benny*, 295 F.3d at 981 n.2; *see also Rifai v. United States Parole Comm'n,* 586 F.2d 695, 698-99 (9th Cir. 1978) (applying Parole Act standards to a prisoner convicted and sentenced before the Parole Act's enactment).  This court has further concluded that the Parole Act did not change the law governing parole release decisions, and therefore its application to prisoners convicted before the statute's enactment does not violate the Ex Post Facto clause.  *See Rifai*, 586 F.2d at 698-99.

Martinez also challenges the Commission's failure to conduct a parole

17-56818

termination hearing in 1995 as required by 18 U.S.C. § 4211(c)(1). However, the hearing examiner at a hearing held in 2000 stated that even had a parole termination hearing been held in 1995, Martinez's parole would have continued for the general safety and welfare of the public in light of the seriousness of his offense. Furthermore, the Commission's failure to hold a timely parole termination hearing does not entitle Martinez to release, *see Benny,* 295 F.3d at 984-85, nor is Martinez currently eligible for a parole termination hearing because he absconded and has not served on parole for five consecutive years. *See* 18 U.S.C. § 4211(c)(1).

Lastly, Martinez asserts that the district court abused its discretion when it failed to hold an evidentiary hearing to determine whether the expedited parole revocation proposal provided an adequate waiver of rights notice. Contrary to his argument, the revocation proposal unequivocally informed Martinez that his acceptance of the proposal waived his right to appeal. The district court, therefore, did not err when it denied an evidentiary hearing. *See Totten v. Merkle,* 137 F.3d 1172, 1176 (9th Cir. 1998). Martinez also waived his right to challenge to the special parole drug-alcohol aftercare condition. Even if not waived, we cannot say that by imposing this condition, the Commission exceeded its statutory authority or acted so arbitrarily as to deny Martinez due process.

Martinez also raises several objections to the manner in which the district

17-56818

court considered and rejected his arguments. We need not address these contentions in detail because, even if the district court erred in the ways Martinez alleges, he is not entitled to relief.

**AFFIRMED.**